IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER LOCK,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ANDREW SAUL, Commissioner** | : | |
| **of the Social Security Administration,[1]** | : | **No. 18-3488** |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                              SEPTEMBER _8th_, 2020

Christopher Lock seeks review of the Commissioner of Social Security's (the "Commissioner") denial of his application for disability insurance benefits and supplemental security income. After the Court referred this matter to U.S. Magistrate Judge Thomas J. Rueter for a Report and Recommendation, Judge Rueter recommended that the Court deny Mr. Lock's request for review. Mr. Lock has filed objections to Judge Rueter's Report and Recommendation.

For the reasons that follow, the Court overrules Mr. Lock's objections, adopts the Report and Recommendation, and denies the request for review.

### BACKGROUND

Mr. Lock applied for disability insurance benefits and supplemental security income on March 16, 2015. Both claims were denied on August 5, 2015, and Mr. Lock requested a hearing before an Administrative Law Judge ("ALJ"). A hearing before an ALJ was held on August 24, 2017. Testimony was presented by Mr. Lock, who was represented by counsel, and a vocational expert.[2]

---

[1]     On June 17, 2019, Andrew Saul was sworn in as the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul should be substituted for Nancy A. Berryhill as the defendant in this suit.

[2]     The substance of their testimony is outlined in detail in Judge Rueter's Report and Recommendation.

After the hearing, the ALJ issued a decision on November 28, 2017 that Mr. Lock was not disabled under the Social Security Act.  The ALJ made the following findings:

1.  The claimant meets the insured status requirements of the Social Security Act at least through December 31, 2014.

2.  The claimant has not engaged in substantial gainful activity since November 3, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.  The claimant has the following severe impairments: Bipolar Disorder, Social Anxiety Disorder, and Attention-Deficit Hyperactivity Disorder ("ADHD") (20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: no detailed instructions and limited to occasional contact with the public.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on November 18, 1977 and was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not an issue in this case because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 3, 2012, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

R. 12–20.

Mr. Lock asked the Appeals Council to review the ALJ's decision. The Appeals Council denied his request, making the ALJ's decision the Commissioner's final determination.

Mr. Lock then filed this action seeking judicial review of the final decision denying his claim for disability insurance benefits and supplemental security income. Judge Rueter issued a Report and Recommendation concluding that substantial evidence supported the Commissioner's decision and, accordingly, that Mr. Lock's request for review should be denied. Mr. Lock filed objections, which the Commissioner responds should be overruled.

## LEGAL STANDARD

When a party makes a timely and specific objection to a portion of a magistrate judge's Report and Recommendation, the district court applies a *de novo* review to the issues raised on objection. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. *Id.*

However, the district court may review the ALJ's final decision only in order to determine "whether that decision is supported by substantial evidence." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Stated differently, the court "is bound by the ALJ's findings of fact if they are supported by substantial evidence on the record." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft*, 181 F.3d at 360 (quoting *Pierce v. Underwood*,

3

487 U.S. 552 (1988)).  The court may not "weigh the evidence," *Williams v. Sullivan*, 970 F.2d 1178, 1183 (3d Cir. 1992), and "will not set the Commissioner's decision aside if it is supported by substantial evidence, even if [the court] would have decided the factual inquiry differently," *Hartranft*, 181 F.3d at 360.

An ALJ's decision must present sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding.  *Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981) (citing *S.E.C. v. Chenery Corp.*, 318 U.S. 80, 94 (1943)).  While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially significant, probative evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000); *Cotter*, 642 F.2d at 706).

A claimant bears the burden of proof on the issue of disability.  In other words, a claimant must show that he or she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  Under the regulations implementing the Act, the Commissioner uses a five-step sequential process to determine whether a person is "disabled."[3]  The claimant satisfies the burden of proving disability by showing an inability to return to his past relevant work. *Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005).  Once the claimant makes this showing,

---

[3]     This process requires the Commissioner to consider, in order, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment or severe combination of impairments; (3) has an impairment that meets or medically equals the requirements of a listed impairment; (4) has a residual functional capacity to perform the claimant's past relevant work; and (5) is able to perform other work, in view of his age, education, and work experience.  20 C.F.R. § 416.920.

the burden shifts to the Commissioner to show that, given the claimant's age, education, and work experience, the claimant has the ability to perform specific jobs existing in the economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Rutherford*, 399 F.3d at 551.

DISCUSSION

Mr. Lock raises a series of objections to Judge Rueter's Report and Recommendation. The Commissioner responds that Judge Rueter correctly concluded that the ALJ's decision was supported by substantial evidence. For the reasons below, the Court overrules Mr. Lock's objections.

## I.     Mr. Lock's Waived Objection

In his first objection, Mr. Lock asserts that the ALJ posed a hypothetical to the vocational expert that did not include all of Mr. Lock's impairments. He claims that by only attaching limitations of no detailed instructions and occasional contact with people, the ALJ presented an insufficient and improper hypothetical that cannot qualify as substantial evidence.

Mr. Lock raises this argument for the first time in his objections to Judge Rueter's Report and Recommendation. Mr. Lock did not raise this issue in his opening brief and statement of issues in support of his request for review. Nor did he raise it in reply to the Commissioner's response. Because Mr. Lock never presented this issue to Judge Rueter, his objection is waived and the Court need not consider it. *See Berg v. Berryhill*, No. 17-04452, 2019 WL 3387209, at *5 (E.D. Pa. July 26, 2019) ("Because Berg raised this argument for the first time in her objections to the R. & R., she waived it."); *ICAP Corps., LLC v. Drennan*, No. 14-5451, 2016 WL 644145, at *3 (D.N.J. Feb. 17, 2016) (noting that "the district court must make a *de novo* determination of those portions to which the litigant objects," but "*de novo* does not mean that a district court is required to consider objections that were not presented before the magistrate"); *Wilson v. Colvin*, 218 F. Supp. 3d 439, 453 (E.D. Pa. 2016) ("Plaintiff raised the constitutional claim for the first

5

time in his objections to the R & R. Thus, this argument has been waived."); *Anamdi v. Kean Univ.*, No. 15-2887, 2015 WL 5138648, at *3 (D.N.J. Aug. 31, 2015) ("A district is not, however, required to consider objections that were not presented before the magistrate.").

## II.    Substantial Evidence

In his objections, Mr. Lock argues that the ALJ erred by not mentioning or properly analyzing numerous medical records and mental health findings, and that the ALJ's final disability determination would have been different had the ALJ acknowledged the omitted evidence. Mr. Lock claims that even if the ALJ's arguments for not finding him disabled were based on evidence in the record, the amount of adverse evidence left out of the ALJ's analysis means that the ALJ's decision cannot be supported by substantial evidence. Mr. Lock asserts that he is not asking the Court to re-weigh the evidence presented to the ALJ.

The Court disagrees with Mr. Lock's contentions. As Judge Rueter explained, "an ALJ need not cite all evidence a claimant presents," R. & R. 13 (citing *Johnson*, 529 F.3d at 203–04), and "the ALJ's mere failure to cite specific evidence does not establish that the ALJ failed to consider it," *id.* at 14 (quoting *Phillips v. Barnhart*, 91 F. App'x 775, 780 n.7 (3d Cir. 2004)). The Court is bound to a "deferential standard of review" under which "even if there is contrary evidence in the record that would justify the opposite conclusion, the ALJ's decision will be upheld if it is also supported by the evidence." *Parsons v. Barnhart*, 101 F. App'x 868, 869 (3d Cir. 2004). The amount of evidence needed to uphold the ALJ's decision is "substantial evidence," which simply means "more than a mere scintilla, but less than a preponderance." *Id.* Accordingly, even if some evidence—indeed, even a lot of evidence—supported a decision contrary to that of the ALJ, that would still not be a valid basis for remand where at least substantial evidence also supports the ALJ's determination. The Court agrees with Judge Rueter's conclusion that "the ALJ acted in accordance with the Commissioner's regulations and Third Circuit case law when he considered

6

the records and determined that the evidence as a whole was not supportive of plaintiff's claimed limitations." R. & R. 14.

Mr. Lock next asserts that the ALJ improperly relied on Mr. Lock's appearance and interactions with the consultative examiner and his mental health treaters to deny his claim. Mr. Lock claims that the ALJ erred in relying on mental status exam findings to find that he had the ability to sustain concentration in a work setting, and that Social Security Regulations recognize that abilities demonstrated in a supportive situation, such as an examination or treatment session, do not necessarily establish the ability to function in the workplace.

The ALJ, however, did not rely solely on Mr. Lock's mental status exam findings in concluding that he could maintain employment. For example, the ALJ also weighed multiple inconsistencies between Mr. Lock's statements, actions, and the record as a whole. Furthermore, simply because abilities exhibited in a supportive situation may not *necessarily* demonstrate an ability to complete tasks in an employment context does not mean that they cannot provide some support for such a finding. *See, e.g.*, 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) ("Objective medical evidence . . . is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms . . . may have on your ability to work."). The ALJ was certainly entitled to rely on Mr. Lock's conduct during his medical exams and mental health treatment in evaluating whether Mr. Lock was able to concentrate in the workplace. Mr. Lock's belief that the ALJ should have weighed the evidence differently cannot entitle him to relief. *See Williams*, 970 F.2d at 1182 (explaining that a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder") (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)).

7

For this same reason, Mr. Lock's additional argument that the ALJ overly relied on Mr. Lock's contradictory statements related to his overall activities also fails. Weighing the evidence presented is an inherent role of the fact-finder, and the ALJ was entitled to rely on the contradictory nature of some of Mr. Lock's statements in denying his claim, even if Mr. Lock made other statements that were consistent with the rest of the record. *See Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 765 (3d Cir. 2009) ("Credibility determinations as to a claimant's testimony regarding pain and other subjective complaints are for the ALJ to make. . . . In view of the evidence presented in the record and of the ALJ's 'opportunity to observe the demeanor and to determine the credibility of the claimant,' these findings are entitled to 'great weight' and should be upheld.") (quoting *Cotter*, 642 F.2d at 705); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011) (stating that a claimant's statements concerning his symptoms must be carefully considered, but "the ALJ is not required to credit them").

Next, Mr. Lock argues that the ALJ impermissibly relied on a lack of objective mental status findings to dismiss how minimal Mr. Lock's activities of daily living were. He claims that this was error because the field of mental health is largely based on patients' subjective complaints and the fact that his symptoms were self-reported without more objective findings does not make them less valid. But the ALJ did not err. As already explained, "[o]bjective medical evidence . . . is a useful indicator to assist [the ALJ] in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms . . . may have on your ability to work." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Even if objective findings could be said to be more probative in a case of physical disability, that does not in turn mean that they have no probative value in a case of mental disability, and it certainly does not follow that an ALJ commits error by still observing and weighing an absence of objective findings. Indeed, that the ALJ here

8

incorporated the general lack of objective mental status findings into his evaluation shows a thorough and thoughtful analysis of the record in this case.

Similarly, Mr. Lock argues that Judge Rueter erred by relying on *Garrett v. Comm'r of Soc. Sec.*, 274 F. App'x 159 (3d Cir. 2008), for the proposition that a claimant must present a certain level of intensity in treatment notes to prove disability. He claims that *Garrett* involved a case of physical pain and the Court should recognize that there is no case law indicating that regular mental health therapy is insufficient for an ALJ to find in favor of disability. But Judge Rueter did not cite *Garrett* as *requiring* a claimant to present a certain level of treatment. Rather, Judge Rueter cited *Garrett* as support for his conclusion that it was not improper for the ALJ to consider the level of Mr. Lock's treatment because, as held in *Garrett*, a conservative level of treatment can be a proper basis for discounting a claimant's alleged limitations. The law does not foreclose finding a claimant not disabled even where the individual exhibits some pain or symptoms. It was not error for the ALJ to consider the degree of treatment Mr. Lock received even though this is a case dealing with questions of mental disability.

Mr. Lock also objects to Judge Rueter's reasoning dismissing his argument that the ALJ failed to appropriately consider and credit his work history. According to Mr. Lock, Judge Rueter dismissed his work history argument by stating that the ALJ's failure to acknowledge and consider it was harmless error. Mr. Lock asserts that this error cannot be harmless when considered in totality with the other errors the ALJ committed.

This, however, is not an accurate depiction of Judge Rueter's reasoning. In addressing Mr. Lock's work history argument, Judge Rueter explained:

> With respect to plaintiff's claim that the ALJ should have afforded plaintiff enhanced credibility due to his work history, *see* Pl.'s Br. at 23–24, the court notes that work history "is only one of many factors an ALJ may consider in assessing a claimant's subjective complaints." *Lee v. Astrue*, 2012 WL 4932019, at *8 (E.D.

9

Pa. Oct. 17, 2012) (quoting *Thompson v. Astrue*, 2010 WL 3661530, at *4 (W.D. Pa. Sept. 20, 2010)). "Indeed, a claimant's work history alone is not dispositive of the question of his credibility, and an ALJ is not required to equate a long work history with enhanced credibility." *Id. See also Brown v. Colvin*, 2017 WL 2547304, at *5 (D. Del. June 13, 2017) ("Although case law has indicated that strong work history can play a role in the ALJ's decision, it only added to the claimant's credibility when substantial evidence of a disability already existed.") (citing *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979)). In the present case, the ALJ properly evaluated plaintiff's symptoms, clearly demonstrating how he found plaintiff's complaints to be inconsistent with the evidence of record. Furthermore, "no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Marion v. Berryhill*, 2018 WL 2218868, at *1 (E.D. Pa. May 15, 2018) (Pratter, J.) (citing *Schuster*, 879 F. Supp. 2d at 466).

R. & R. 15 n.10. Judge Rueter's reference to the harmless error standard only served to bolster his

conclusion that the ALJ properly evaluated Mr. Lock's symptoms in light of the entire record, a

conclusion with which the Court agrees.

Furthermore, the Commissioner identifies that Mr. Lock's work history is not as

outstanding as he claims. The Commissioner argues that Mr. Lock only worked from age 22 to

32, when his employment ended in 2009 due to absences related not only to Mr. Lock's anxiety

but also his substance use. As the Commissioner argues, Mr. Lock's work history was not

substantial and did not end solely as a result of his purported disability. *See Goff v. Barnhart*, 421

F.3d 785, 793 (8th Cir. 2005) ("Courts have found it relevant to credibility when a claimant leaves

work for reasons other than her medical condition.") (citation omitted). Judge Rueter did not err

in dismissing Mr. Lock's arguments related to his work history.

Mr. Lock next objects to Judge Rueter's analysis related to his activities of daily living.

He acknowledges that he agrees with Judge Rueter's statement that "[i]t is well-established that 'it

is appropriate for an ALJ to consider the number and type of activities in which a claimant engages

when assessing his or her residual functional capacity.'" R. & R. 17 (quoting *Cunningham v.

Comm'r of Soc. Sec.*, 507 F. App'x 111, 118 (3d Cir. 2012)). However, Mr. Lock claims that his

10

own activities of daily living were so sporadic and lacking in independence that it would be unreasonable to conclude that his activities were inconsistent with disability.

As Judge Rueter properly and thoroughly explained:

[P]laintiff contends that the ALJ did not provide a thorough and adequate analysis of the evidence supporting his claim that he is unable to perform daily activities and to concentrate due to racing thoughts. *See* Pl.'s Br. at 9–14. Plaintiff also points to records which document his reported lack of motivation and energy. *See* id. at 15-16.

The court is not persuaded by plaintiff's argument that the ALJ failed to sufficiently analyze the probative evidence. The ALJ provided a detailed, considered analysis of the record evidence that supports *and* detracts from plaintiff's claims of functional limitations in his explanation of the RFC assessment. *See* R. 16-18. First, the ALJ acknowledged plaintiff's testimony at the administrative hearing that he is unable to work due to severe anxiety.
. . .

The ALJ then compared and contrasted plaintiff's claims with the evidence of record, including specific citations to the record evidence. *See* R. 16-17. The ALJ reasoned that, although the medical records document plaintiff's treatment history, they do not support plaintiff's claims of functional limitations.
. . .

Notably, the ALJ also contrasted plaintiff's statements about his limitations and his actions as detailed in the record. . . . As noted by the ALJ in his decision, the record demonstrates that plaintiff was not as limited in his activity as reported.

The ALJ's decision shows that he expressly considered the evidence that supported, and detracted from, plaintiff's claimed limitations, with explicit citation to the relevant medical records. *See* R. 16-17. While the ALJ did not specifically refer to every medical record in his decision, he clearly analyzed the medical evidence pertaining to plaintiff's impairments and resulting functional limitations. "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004) (not precedential).

R. & R. 10–13.

Despite Mr. Lock's assertions that he is not asking the Court to re-weigh the evidence, that is precisely what he requests. But the Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182 (citing *Early*, 743 F.2d at

1007). Where substantial evidence supports the ALJ's determination, as is the case here, the Court is bound to that uphold that decision.

### III.    Opinion Evidence

Mr. Lock's final objections relate to the opinion evidence of therapist Pavel Rodriguez. Mr. Lock claims that the ALJ determined that the opinion of Mr. Rodriguez "should not matter," Objs. 13, because Mr. Rodriguez's assessment stated that he had met with Mr. Lock at least twice a week for two years, but the therapy notes of record demonstrated that Mr. Lock was seen by Mr. Rodriguez no more than once a week, often with several weeks or months passing between visits. Mr. Lock argues that the level and frequency of treatment Mr. Rodriguez performed is nonetheless sufficient for him to have offered a legitimate opinion on Mr. Lock's disability.  Mr. Lock also claims that Judge Rueter improperly supplied his own reasoning when he relied on an alleged inconsistency between Mr. Rodriguez's opinion and the normal examination findings from Mr. Rodriguez's treatment notes to justify the ALJ's discounting of Mr. Rodriguez's opinion.

First, the ALJ did not conclude that Mr. Rodriguez's opinion "should not matter"—he stated that it was "afforded little weight." R. 18.  Second, Judge Rueter did not supply his own reasoning for the ALJ's decision.  The ALJ's findings themselves said, "Further, Mr. Rodriguez's opinions [are] not well supported by his own treatment records which contain relatively unremarkable mental status examination findings." R. 18.  This is the very inconsistency Judge Rueter referenced.[4]  Accordingly, Judge Rueter did not substitute his own reasoning for that of the

---

[4]       Mr. Lock contends that Mr. Rodriguez's opinion was not inconsistent with his treatment records. In support thereof, Mr. Lock cites a number of treatment notes indicating Mr. Lock having a loss of interest in activities, decreased energy, feelings of guilt, mood disturbance, generalized persistent anxiety, and limited communication skills.  However, that some of Mr. Rodriguez's notes were consistent with his opinion does not change the fact that other notes were inconsistent, and it was permissible for the ALJ to consider those inconsistencies in weighing the evidence. *See* R. & R. 22 n.15 ("Mr. Rodriguez's therapy notes dated from September 14, 2015 to August 8, 2017 document that while his affect was at times described as labile or depressed, plaintiff consistently presented as oriented, well-groomed and healthy,

ALJ, and the ALJ was permitted to discount Mr. Rodriguez's opinion, even if the level of treatment he provided was not insignificant. *See Johnson*, 529 F.3d at 204 (finding ALJ was entitled to reject doctor's testimony where evidence in the record discounted its probative value and substantial evidence supported the ALJ's conclusion).

CONCLUSION

For the foregoing reasons, the Court overrules Mr. Lock's objections, adopts Judge Rueter's Report and Recommendation, and denies Mr. Lock's request for review. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

with coherent speech and normal activity level, and denied psychotic symptoms and suicidal thoughts.")
(citing R. 688, 690, 692,694, 696, 698, 700, 702, 704, 706, 708, 710, 712, 714, 716, 718, 720, 722, 724,
726, 728, 730, 732, 734, 738, 740, 742, 744, 746, 748, 750, 752, 754.").